IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BEAL | : | |
| | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CITY OF PITTSBURGH, | : | |
| EDWARD V. GRYNKEWICZ, III, | : | |
| ARM BADGE NUMBER 5425, individually | : | |
| and as a police officer for the City of Pittsburgh, | : | |
| and JOHN DOE 1 – 4, | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

## I.   INTRODUCTORY STATEMENT

1.     On the evening of September 24, 2009, during the G-20 Summit being held in Pittsburgh, Plaintiff Frank Beal suffered a fractured right knee when he was assaulted by police officers serving as part of the City of Pittsburgh G-20 Security Force.  At the time of the assault, Mr. Beal had been standing peacefully at the corner of Thackeray and Fifth Avenues in the Oakland neighborhood of Pittsburgh.   Mr. Beal was in the Oakland neighborhood for the purpose of serving as a witness in the event of police misconduct or acts of criminal behavior by anyone.

2.      This civil action is brought to establish the legal liability of those individuals whose violent actions and uncontrolled use of force caused Mr. Beal to suffer a fracture to his right knee.   The suit further seeks to establish the legal liability of those individuals who unlawfully detained and falsely arrested Mr. Beal. The suit also seeks to establish the responsibility of the municipal Defendant for its lack of proper training, supervision and oversight of the G-20 Security Forces.

3.      The complained of practices, procedures and conduct of Defendants, as more fully described in the body of this Complaint, violated Mr. Beal's rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, insofar as that statute creates a cause of action to enforce the rights guaranteed by the Bill of Rights and Fourteenth Amendment to the United States Constitution.

4.      Through this action, Mr. Beal seeks an award of all appropriate remedies including, but not limited to monetary damages and such other relief, including an award of costs and attorneys' fees, as are necessary and appropriate to ensure and effectuate his federal civil rights.

## II.      JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. § 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a).

## III.      PARTIES

6.      Plaintiff Frank Beal is a resident of the City of Pittsburgh, Commonwealth of Pennsylvania, and at all times relevant to this matter was present in the City of Pittsburgh, Pennsylvania.

7.      Defendant City of Pittsburgh is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Pittsburgh Police Department, which during the G-20 Summit, hired, employed and deputized Defendant Grynkewicz and Defendants John Doe 1 – 4. The central administrative offices for the City of Pittsburgh are located at 414 Grant Street, City–County Building, Pittsburgh, Pennsylvania, 15219.

8.      Defendant Edward V. Grynkewicz, III (hereinafter referred to as "Defendant Grynkewicz") is a police office for the City of Harrisburg Police Department who was hired, employed and/or deputized as a police office for the City of Pittsburgh during the G-20 Summit and who was acting under the color of state law.  Defendant Grynkewicz is being sued in his individual capacity.

9.      Defendants John Doe 1 – 4 are law enforcement officers whose identities are unknown but are believed to be members of the City of Harrisburg Police Department and/or the Capital Police of Pennsylvania who were hired, employed and/or deputized as police officers for the City of Pittsburgh during the G-20 Summit and who were acting under the color of state law. Defendants John Doe 1-4 are being sued in their individual capacities.

### III.      FACTUAL ALLEGATIONS

10.      On September 24 - 25, 2009, the G-20 Summit, an international economic forum attended by the finance ministers and heads of state of the major economically developed nations in the world, was held in the City of Pittsburgh.

11.      As part of the G-20 security measures, the City of Pittsburgh hired, employed and/or deputized law enforcement officers from various police departments throughout the United States, including officers from the City of Harrisburg Police Department and the Pennsylvania Capital Police Department.

12.      The City of Pittsburgh retained command, control and authority over and was responsible for the deployment of the various police officers participating in the City of Pittsburgh's G-20 Security Force.

13.     On September 24, 2009, members of the City of Harrisburg Police Department and the Pennsylvania Capital Police were deployed in the Oakland neighborhood of Pittsburgh and operating under, and known as, the Mobile Field Force India.

14.     On September 24, 2009, the Plaintiff was in the Oakland neighborhood of Pittsburgh for the purpose of serving as a witness in the event of police misconduct or acts of criminal behavior.

15.     At approximately 11:30 p.m., the Plaintiff parked his car in a parking lot adjacent to Clapp Hall near the intersection of Fifth Avenue and Tennyson Avenue, Pittsburgh.

16.     At all times relevant, Fifth Avenue, between Tennyson Avenue and Thackeray Avenue, was closed to vehicular traffic.

17.     After exiting his car, Plaintiff walked on the north side of Fifth Avenue in a westerly direction toward downtown Pittsburgh until reaching the intersection of Fifth and Thackeray.

18.     While the Plaintiff was walking along Fifth Avenue, members of the G-20 Security Force were standing in straight lines near the curbs on both sides of Fifth Avenue facing each other.

19.     At no time while the Plaintiff was walking on Fifth Avenue was the Plaintiff instructed to leave the area.

20.     At no time while the Plaintiff was walking on Fifth Avenue did the Plaintiff hear any warnings to disperse from the area or was the Plaintiff told to disperse from the area.

21.     At all times while the Plaintiff was walking on Fifth Avenue, the G-20 Security Forces were standing along the side of Fifth Avenue and were not engaged in or confronting any civil unrest or disturbance.

22.     The Plaintiff walked along Fifth Avenue until he reached the end of the line of G-20 Security Force at the intersection of Thackeray and Fifth.

23.     Upon reaching the intersection of Thackeray and Fifth, the Plaintiff positioned himself on the north side of Fifth Avenue for the purpose of serving as a witness in the event of police misconduct or acts of criminal behavior.

24.     At all times while the Plaintiff was standing at the corner of Fifth Avenue and Thackeray Avenue, the G-20 Security Forces were standing along the side of Fifth Avenue and were not engaged in or confronting any civil unrest or disturbance.

25.     While the Plaintiff was standing on the corner of Thackeray and Fifth, an unknown police officer yelled at the Plaintiff to "move".

26.     The Plaintiff asked, "how far do you want me to move?"

27.     The unknown officer yelled for the Plaintiff, "to the next traffic light".

28.     In compliance with the police officer's instructions, the Plaintiff immediately and peacefully began walking away from the unknown police officer when Defendant Grynkewicz and Defendants John Doe 1 -4 violently grabbed the Plaintiff from behind, forced the Plaintiff to the ground, sprayed pepper spray in the Plaintiff's face at a very close range, smacked the Plaintiff's face on the concrete sidewalk and viciously and repeatedly struck the Plaintiff on his right knee and shin with a police baton causing the Plaintiff to suffer a fracture to the right patella.

29.     At no time did the Plaintiff struggle with the police or attempt to flee.  Rather, at the time of his assault by the Defendants, Plaintiff was in the process of peacefully complying with a police directive.

30.     Plaintiff was detained by Defendant Grynkewicz and Defendants John Doe 1 -4 and forced to lay on his stomach while his hands were bound behind his back with plastic ties.

31.      Neither Defendant Grynkewicz nor any of the Defendants John Doe 1 -4 had probable cause or any lawful basis to order the Plaintiff to move from where the he was peacefully standing or to detain, strike and handcuff the Plaintiff.

32.     Plaintiff was assaulted, handcuffed and detained improperly and without cause or justification by the defendant officers.

33.     As a result of the injury to Plaintiff's knee, the Plaintiff was transported to the University of Pittsburgh Medical Center by ambulance, diagnosed with a right comminuted patella fracture and underwent an open reduction internal fixation of the right patella.

34.     As a result of the injury to the Plaintiff's knee, the Plaintiff was required to miss three days from his place of employment.

35.     On or about September 28, 2009, Plaintiff was mailed a summons and charged with resisting arrest and failure of disorderly persons to disperse upon official order.

36.     On or about January 20, 2010, the charges against the Plaintiff were withdrawn by the Commonwealth.

37.     As a direct and proximate result of the actions of all Defendants, Plaintiff suffered and continues to suffer pain and suffering, psychological harm and emotional distress, some or all of which may be permanent.

38.     The vicious, outrageous and brutal force used in violently throwing the Plaintiff to the ground, striking Plaintiff's right knee with a police baton and spraying Plaintiff in the face

with pepper spray by Defendant Grynkewicz and/or Defendants John Doe 1 -4 was unwarranted and excessive under the circumstances.

39.     The Defendant Grynkewicz and Defendants John Doe 1 -4 were acting under the color of state law at all times relevant to the events described in this Complaint.

40.     The conduct of the individual Defendants as described above was outrageous, intentional, reckless, willful, malicious, and undertaken with deliberate disregard for the safety, welfare and rights of the Plaintiff.

41.     Defendant City of Pittsburgh did not take effective measures to protect the public, including the Plaintiff, from individual Defendants.

42.     Plaintiff alleges that given the limited time in which the Defendant City of Pittsburgh allotted for recruiting and training the G-20 Security Forces, the Defendant City of Pittsburgh failed to properly train, educate, inform, and instruct the G-20 Security Forces on the proper procedures for crowd control and crowd management.

43.     Plaintiff alleges that given the limited time in which the Defendant City of Pittsburgh allotted for recruiting and training the G-20 Security Forces, the Defendant City of Pittsburgh failed to properly train, educate and instruct the members of the G-20 Security force on acceptable continuum of force.

44.    The individual Defendants' use of excessive force which caused the injuries to the Plaintiff, were a foreseeable consequence of the Defendant City of Pittsburgh's failure to adequately train, failure to adopt clear policies and procedures and failure to protect the public from the individual Defendants.

45.    Plaintiff avers that the conduct of the individual Defendants, as described above, was pursuant to the policies, practices, procedures and/or customs of Defendant City of Pittsburgh, which allowed the individual Defendants to use whatever level of force they, in their own subjective judgment, wished to inflict.

46.    In light of the obvious and reasonably foreseeable consequences of the unregulated use of force, the failure of Defendant City of Pittsburgh to provide training to the individual Defendants, the failure to adopt and implement policies and procedures and the failure to protect the public from the individual Defendants amounted to deliberate indifference by the City of Pittsburgh to the rights, health, life and limb of those who came into contact with the individual Defendants.

47.    As a direct consequence of Defendants' acts and omissions, as described above, Plaintiff suffered great pain, suffering, permanent injury, distress, inconvenience, alarm, invasion of his bodily integrity and person.

## V.  LEGAL CLAIMS

### A.     FIRST CAUSE OF ACTION-FOURTH AMENDMENT
### (All Defendants)

48.     Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of Plaintiff's rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Said rights, privileges and immunities include the right to bodily integrity, the right to be free from excessive force and the right to be free from unreasonable searches and seizures.

### B.     SECOND CAUSE OF ACTION
### FAILURE TO TRAIN, ENACT AND IMPLEMENT POLICIES AND SUPERVISE
### (City of Pittsburgh)

49.     The failure of Defendant City of Pittsburgh to train police officers in the proper circumstances and procedures for crowd control and other force and its failure to supervise its officers in this regard constitutes deliberate indifference to the rights of those who come into contact with the police.

50.     Plaintiff's injuries were the direct and proximate result of Defendant City of Pittsburgh's failure to provide training and supervision to the police officers serving on its G-20 Security Force.

51.     The need for training and supervision of the individual Defendants was and should have been plainly obvious to the City of Pittsburgh policymakers.

52.     Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of the rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Said rights privileges and/or immunities include the right to be free from excessive force, the right to be free from unreasonable searches and seizures and the right to bodily integrity.

## C.     THIRD CAUSE OF ACTION – FIRST AMENDMENT

53.     Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of Plaintiff's rights, privileges and immunities, as secured by the First, Fourth and Fourteenth Amendments to the United States Constitution.  Said rights, privileges and immunities include the right to free speech and the right to peacefully assemble and the right to peacefully witness and report on the conduct and procedures of law enforcement officials.

## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court:

1.      exercise jurisdiction over this action;

2.      award appropriate compensatory damages against all
        Defendants;

3.  award appropriate punitive damages against each of the individual
    Defendants; and

4.  grant such other relief as may be appropriate, including the
    award of reasonable attorneys' fees, litigation expenses, and
    costs.


Respectfully submitted,                    Respectfully submitted,

S/ Sam R Hens-Greco                        S/Jon Pushinsky
SAM R HENS-GRECO                           JON PUSHINSKY
Pa. I.D. No. 44761                         Pa I.D. No. 30434
2100 Law & Finance Building                1808 Law & Finance Building
429 Fourth Avenue                          429 Fourth Avenue
Pittsburgh, PA 15219                        Pittsburgh, PA 15219
(412) 391-0800                             (412) 281-6800
*Attorney for Plaintiff*                    *Attorney for Plaintiff*